Sneed, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted in the Circuit Court of Grainger county, for an assault to commit murder in the first degree. The indictment was found at the April Term, 1865, and the offense was alleged and proven to have been committed on the 24th of March, 1863. At the August Term, 1870, the plaintiff in error was put upon his trial, and was convicted ol a simple assault, and was adjudged by the court to *12 imprisonment for three months in the county jail, and to pay a fine of fifty dollars. His motion for a new trial was disallowed, and he has appealed.
The decisive question in this case, and the only one to which it is necessary to refer, is as to the right of the plaintiff in error to a new trial, when it had been disclosed in the proof that the assault of which he was convicted, was committed more than twelve months before the indictment was found. The Code provides that all prosecutions for misdemeanors, unless otherwise expressly provided, shall be commenced within twelve months next after the offense has been committed. 4983.
This was also in substance the provision of the act of 1820, c. 9. It is provided also, that on an indictment for a public offense admitting of different degrees, the defendant may be convicted of such offense, or any degree lower than that charged in form in the indictment 5122, et vide 5223. Under this provision the jury had the authority to find the party guilty, as they did, of a simple assault. The proof shows that the offense was committed on the 23d of March, 1863; and there is no evidence that the plaintiff in error was not “usually and publicly resident within this State” for any period intervening between that day and April Term, 1865, of the Circuit Court, to effect the bar of the statute: Code, 4988. The plaintiff in error was entitled to a new trial, in order to avail himself of this limitation. This is not a new question in this court, though there is some conflict of authority upon it. In the case of Wilson v. The State, 7 Yerg., 516, *13 it was Held, where the defendant was indicted for an assault and battery, with an intent to commit murder in the first degree, and found guilty of an assault and battery only, which had been committed more than twelve months before the finding of the indictment, that the statute of 1820, c. 9, was a bar to the prosecution. In the case of The State v. Bowling, 10 Hum., 52, the question came before this court in another form, and it was held, that the proper plan for defendant to avail himself of the defense of the statute of limitations of twelve months, was by proof of the fact on the trial, and not by motion in arrest of judgment, plea or demurrer. That case recognizes the doctrine of the case of Wilson v. The State, 7 Yerg., 516, but only undertakes to settle a question of practice under it. A contrary doctrine, however, is held in the case of Carden v. The State, 3 Head., 268, to the effect, that if the prosecution be for a felony, and the party be convicted of a misdemeanor, the limitation prescribed in felonies of the grade of that charged, will apply, and not the limitation for the misdemeanor, of which the party was found guilty. We can not assent to this proposition. The citizen has a right to be tried by the forms and requirements of the law. In the accusation of felony against him, he is also accused of a misdemeanor. A conviction of the misdemeanor, charged and proven to have been committed more than one year before the finding of the bill of indictment, is a nullity. He can not be punished for it. We had rather accept the reasoning in Wilson v. The State, 7 Yerg., 516, of Judge Green, *14 that a contrary doctrine would defeat tbe intention of tbe act of Assembly, and prosecutions for assaults and batteries, might be gotten up at any distance of time, provided a grand jury could be induced to find a bill for an assault with an intent to kill. A temptation would be held out to prosecutors too, to commit perjury, in order to get such indictment found that the statute of limitations may not operate.
The judgment is reversed and a new trial granted.
'Whereupon, by leave of the Court, the Attorney General entered a nol pros.